**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David J. Romero, husband and Roberta R. Romero, wife,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>Dale N. Evans, husband; Kelli A. Evans, wife; and Western Security Bank,<br><br>　　　　Defendants. | CV-02-2294-PHX-DGC<br><br>**ORDER** |

On December 21, 2006, the Court entered an order requiring Plaintiffs to show cause why this case should not be dismissed. Dkt. #61. The order required Plaintiffs to respond by January 19, 2007. *Id*. Plaintiffs have not responded.

This case has a troubled history. The Court previously dismissed Plaintiffs' claims when they failed for months to respond to a motion filed by Defendant. The Ninth Circuit reversed (Dkt. #36), and the Court held a case management conference on July 28, 2006. The Court entered a Case Management Order that set specific deadlines. Dkt. #49. The Order advised the parties, as the Court had at the July 28, 2006 hearing, that the deadlines were real and would be enforced. *Id*. ¶ 10.

The Case Management Order required the parties to engage in good faith settlement talks by November 24, 2006. *Id.* ¶ 8. When Plaintiffs' refusal to communicate with their counsel made compliance with this requirement impossible, Plaintiffs' counsel sought an extension. Dkt. #53. The Court granted an extension to December 22, 2006, but specifically

1  warned Plaintiffs "that further failures to comply with the Court's Case Management Order
2  may result in dismissal of their action against Defendant." Dkt. #54.

3        Plaintiffs did not comply with the December 22, 2006 deadline. As a result, Plaintiffs'
4  counsel moved to withdraw. Dkt. #59. Plaintiffs' counsel stated that she has been unable
5  to communicate with her clients since September 21, 2006. *Id.* The Court did not permit
6  Plaintiffs' counsel to withdraw, but instead issued the show-cause order. Dkt. #61. Now,
7  despite the Court's second warning that this case might be dismissed, Plaintiffs have not
8  responded.

9        The Court may dismiss a case on the basis of a plaintiff's failure to comply with
10 federal rules or a court order. Fed. R. Civ. P. 41(b); *Yourish v. Cal. Amplifier*, 191 F.3d 983,
11 986-88 (9th Cir. 1999); *McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996); *Ferdik*
12 *v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). The Ninth Circuit has developed "a
13 five-part 'test' to determine whether a dismissal sanction is just: '(1) the public's interest in
14 expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk
15 of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases
16 on their merits; and (5) the availability of less drastic sanctions.'" *Valley Engineers Inc. v.*
17 *Electric Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (quoting *Malone v. USPS*,
18 833 F.2d 128, 130 (9th Cir. 1987)); *see Yourish*, 191 F.3d at 990; *Ferdik*, 963 F.2d at 1260-
19 61. "[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts against
20 case-dispositive sanctions, so 3 and 5 . . . are decisive." *Valley Eng'rs*, 158 F.3d at 1057.

21       Factor 3 supports dismissal of this case. Plaintiff's claim was filed more than four
22 years ago. Defendant continues to incur litigation costs. Dkt. ##57, 58. Defendant will be
23 prejudiced if the Court permits this case to linger without prosecution.

24       Factor 5 "involves consideration of three subparts: whether the court explicitly
25 discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant
26 party about the possibility of dismissal." *Valley Eng'rs*, 158 F.3d at 1057. Following the
27 Court's first dismissal of this action and the subsequent remand by the Ninth Circuit,
28 Plaintiffs changed counsel, the Court set a litigation schedule, and the Court specifically

advised the parties that the schedule would be enforced. Dkt. #49 ¶ 10. Plaintiffs nonetheless failed to comply with the Case Management Order, failed to comply with the extension granted by the Court because of their noncompliance, failed to communicate with their counsel, and failed to respond to the order to show cause. Plaintiffs' recalcitrance makes clear that no sanction short of dismissal would be effective. Plaintiff's claims simply cannot be litigated when Plaintiffs refuse to participate. The Court advised Plaintiffs that the litigation deadlines were real (Dkt. #49) and twice warned them that the case could be dismissed if they failed to respond (Dkt. ##54, 61). Their disregard of the Court's schedule and orders demonstrates that lesser sanctions would be ineffective.

Considering the five factors identified by the Ninth Circuit, the Court concludes that this case must be dismissed. The public's interest in expeditious resolution of litigation, the Court's need to manage its docket, the prejudice to Defendant if this case continues to linger without prosecution, and the unavailability of less drastic sanctions all militate in favor of dismissal.

IT IS HEREBY ORDERED:

1. Plaintiff's complaint is dismissed without prejudice.

2. The Clerk is directed to terminate this action.

DATED this 25th day of January, 2007.

_____
David G. Campbell
United States District Judge